IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *DELISA WILSON*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *NATIONAL CREDIT SYSTEMS, INC.* and | ) |
| *TRANSUNION TELEDATA L.L.C.*, | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff Delisa Wilson, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Debt Collection Practices Act prohibits debt collectors from making false statements to consumers and from reporting false credit information to credit bureaus. The Fair Credit Reporting Act also requires that, when a consumer disputes debt collector information with a credit bureau, the debt collector must reasonably investigate its information and the credit bureau must reasonably re-investigate that information. In the case at bar, Defendant National Credit Systems made false statements to Ms. Delisa Wilson and reported false credit information about Ms. Wilson to Defendant TransUnion Teledata. Further, after Ms. Wilson disputed Defendant National Credit's information with Defendant TransUnion, Defendant National Credit failed to conduct a reasonable investigation and Defendant TransUnion failed to conduct a reasonable re-investigation. Thus, Defendant National Credit violated the Fair Debt Collection Practices Act, while both Defendant National Credit and Defendant TransUnion violated the Fair Credit Reporting Act.

## Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction of this case because the case counts arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

## Parties.

3) Plaintiff Delisa Wilson is a "consumer" as that term is defined in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(3), and in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(c); and Ms. Delisa Wilson resides within the Eastern Division.

4) Defendant National Credit Systems, Inc. is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(6).

5) Defendant National Credit Systems, Inc. is also a "person" as that term is defined in the Fair Credit Reporting Act at 15 U.S.C. § 1681a(b) (the "term 'person' means any individual, partnership, corporation").

6) Defendant National Credit Systems, Inc. is additionally a Corporation incorporated in the State of Georgia and authorized to transact business in the State of Illinois.

7) Defendant TransUnion Teledata LLC is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

8) Defendant TransUnion Teledata LLC is also a Limited Liability Company organized in the State of Delaware and headquartered within the Eastern Division.

**Factual Allegations.**

9) Previously, Ms. Wilson leased an apartment at the Oakwood Shores Apartments on Vincennes Avenue in Chicago.

10) After Ms. Wilson vacated the apartment at the Oakwood Shores Apartments, and on the Oakwood Shores Apartments' behalf, Defendant National Credit placed telephone calls to Ms. Wilson.

11) During Defendant National Credit's telephone calls to Ms. Wilson, the Defendant falsely alleged to Ms. Wilson that she owed an outstanding debt balance to the Oakwood Shores Apartments.

12) During Defendant National Credit's telephone calls, the Defendant also falsely alleged to Ms. Wilson that, unless she paid the alleged debt, she would "never" be able to lease another apartment.

13) In fact, Ms. Wilson did not owe any outstanding debt balance to the Oakwood Shores Apartments.

14) In fact, the Oakwood Shores Apartments owed an outstanding debt balance to Ms. Wilson and, after Defendant National Credit's telephone calls to Ms. Wilson, the Oakwood Shores Apartments paid its outstanding debt balance of $ 1,600 to Ms. Wilson.

15) Nevertheless, even after Defendant National Credit's client paid its outstanding debt balance to Ms. Wilson, Defendant National Credit reported to TransUnion that Ms. Wilson owes an outstanding debt balance to Defendant National Credit's client.

16) Ms. Wilson disputed the accuracy of the information provided by Defendant National Credit with Defendant TransUnion and, upon information and belief, Defendant TransUnion forwarded Ms. Wilson's dispute to Defendant National Credit.

17) However, Defendant National Credit failed to conduct a reasonable investigation because even the most cursory investigation would have revealed that Ms. Wilson does not owe an outstanding debt balance to Defendant National Credit's client, but rather Defendant National Credit's client owed and paid an outstanding debt balance to Ms. Wilson.

18) Defendant TransUnion also failed to conduct a reasonable re-investigation because even the most cursory re-investigation would have revealed that Ms. Wilson does not owe an outstanding debt balance to Defendant National Credit's client.

19) Because Defendant National Credit failed to conduct a reasonable investigation and because Defendant TransUnion failed to conduct a reasonable re-investigation, Defendant National Credit's false information about Ms. Wilson continues to be reported by Defendant TransUnion; and Ms. Wilson, *inter alia*, "suffered a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio*, 889 F.3d 337, 346 (7th Cir. 2018) (holding that "real risk of financial harm" is an injury under Article III of the United States Constitution) (citations and internal quotations omitted).

## Causes of Action.

### As to Defendant National Credit.

### Fair Debt Collection Practices Act

### Count One    15 U.S.C. § 1692e

20) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation."

21) Defendant National Credit violated Section 1692e by using false, deceptive or misleading representations by falsely alleging to Ms. Wilson that she owed an outstanding debt balance to the Oakwood Shores Apartments and that, unless she paid the alleged debt, she would "never" be

able to lease another apartment.

Count Two    15 U.S.C. § 1692e(8)

22)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation." Subsection 1692e(8) specifically prohibits "[c]ommunicating … credit information which is known or which should be known to be false."

23)     Defendant National Credit violated Subsection 1692e(8) by communicating to TransUnion information which at least should have been known to be false, namely that Ms. Wilson owes an outstanding debt balance to Defendant National Credit's client.

Fair Credit Reporting Act

Count Three    15 U.S.C § 1681s-2(b)(1)(A)(E)(ii)

24)     The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by [a furnisher of information] to a consumer reporting agency," the furnisher "shall ... conduct an investigation with respect to the disputed information."  "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation."  *Humphrey v. Navient Solutions, Inc.*, 16 cv 370 (W.D. Wis. 2017), ECF No. 137, p. 5, (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a debt collector of a disputed debt, the debt collector must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1) (A).  Whether the furnisher's investigation is reasonable is a factual inquiry.").

25)     Defendant National Credit willfully violated Section 1681s-2(b)(1)(A)(E)(ii) by willfully failing to conduct a reasonable investigation into its allegation that Ms. Wilson owed an

outstanding debt balance to the Oakwood Shores Apartments.

As to Defendant TransUnion.

Fair Credit Reporting Act

Count Four   15 U.S.C. § 1692e

26)     The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed ... the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

27)     Defendant TransUnion willfully violated Section 1681i(a)(1)(A) by willfully failing to conduct a reasonable reinvestigation into National Credit's reported information that Ms. Wilson owes an outstanding debt balance to the Oakwood Shores Apartments.

## **Prayer for Relief.**

WHEREFORE, Delisa Wilson respectfully prays that this Honorable Court holds a trial by jury and enters judgment in her favor (and against Defendant National Credit and Defendant TransUnion) for her actual and statutory damages, including her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692k.

      Respectfully submitted,
      Plaintiff Delisa Wilson's Counsel
      North & Sedgwick, L.L.C.
by:     */s/ Paúl Camarena*
      Paúl Camarena, Esq.
      500 So. Clinton, No. 132
      Chicago, IL 60607
      (312) 493-7494
      paulcamarena@paulcamarena.com