**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *DELISA WILSON*, ) <br> Plaintiff, ) <br> ) <br> *v.* ) <br> ) <br> *NATIONAL CREDIT SYSTEMS, INC.* and ) <br> *TRANSUNION TELEDATA L.L.C.*, ) <br> Defendants. ) | Docket Number: 21-cv-553 <br><br> District Judge: Steven Seeger <br><br> Magistrate Judge: Heather McShain |

**PLAINTIFF'S BRIEF ADDRESSING WHETHER SHE SUFFERED AN INJURY**

Pursuant to this Honorable Court's order (ECF 14), Plaintiff Delisa Wilson, by her counsel, Paúl Camarena, respectfully submits her brief addressing whether she has suffered an injury in fact in light of the allegations of the complaint.

### Counts I & II   (FDCPA Claims).

Ms. Wilson's complaint alleges that Defendant National Credit "falsely stated to Ms. Wilson that she owed an outstanding debt" and also "falsely stated to Ms. Wilson that, unless she paid the alleged debt, she would 'never' be able to lease another apartment."  (ECF 6, p. 3,  ¶¶ 11 & 12.)  Ms. Wilson's complaint further alleges that, "because of Defendant['s] false statements[, Ms. Wilson] continued to use her personal time to continue to communicate with that Defendant" and that, "[h]ad Defendant National Credit not made its false statements, Ms. Wilson would have terminated all communications."  (Id., ¶¶ 14 & 15.)

Personal Time.

Ms. Wilson respectfully submits that her loss of personal time is an injury in fact.  In *Barker v. Kapsch Trafficcom U.S.*, 19-cv-987 (S.D. Ind. June 1, 2020), the Plaintiff also asserted that she had standing because of "the personal time Plaintiff lost due to Defendants' wrongful

conduct, including hours and hours of time spent on the phone." The district court agreed and stated that "[t]he Seventh Circuit has expressly found that these types of economic harms constitute the type of particularized injury necessary for standing. *See Dieffenbach v. Barnes & Noble*, 887 F.3d 826, 828 ('The plaintiffs have standing because ... the value of one's own time needed to set things straight is a loss from an opportunity-cost perspective'); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963 (7th Cir. 2016) (time and effort resolving fraudulent charges on debit card constituted injury, even though charges were stopped by the bank before they went through)". The Seventh Circuit has not overturned its *Dieffenbach* holding that "plaintiffs have standing because [of] the value of one's own time," and Ms. Wilson submits that this legal principal is still valid.

<h3 style="text-align:center">Stress With Physical Manifestations.</h3>

"[B]ecause of Defendant['s] false statements [that Ms. Wilson "would 'never' be able to lease another apartment" she] use[d] her personal time to continue to communicate with that Defendant." (ECF 6, p. 3, ¶ 12 & 14.) The Defendant's false statements that Ms. Wilson would "never" be able to lease another apartment also caused Ms. Wilson to experience stress, which physically manifested into trembling and difficulty sleeping[1]. Ms. Wilson respectfully submits that her trembles and loss of sleep are also an injury in fact, pursuant to Seventh Circuit holding that stress with physical manifestations constitute an injury in fact. *Pennell v. Global Trust Management*, 20-1524 (7th Cir. March 11, 2021) ("[T]he state of confusion is not itself an injury. Nor does stress by itself with no physical manifestations and no qualified medical diagnosis amount to a concrete harm.").

---

1 "In opposing a Rule 12(b)(6) motion, [a plaintiff i]s free to elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753, FN2 (7th Cir. 2021) (citation and internal quotations omitted).

### The Defendant's Continuing Pestiferous Telephone Calls.

"Had Defendant National Credit not made its false statements, Ms. Wilson would have terminated all communications with that Defendant." (ECF 6, p. 3, 15.) Had Defendant National Credit not made its false statements, Ms. Wilson would have also blocked the Defendant's telephone calls, as she had already become familiar with the Defendant's phone number. Instead, Ms. Wilson was made to suffer through at least 5 pestiferous phone calls from the Defendant.

Ms. Wilson submits that being made to suffer through at least 5 pestiferous phone calls is additionally an injury in fact, pursuant to Seventh Circuit holding. In *Gadelhak v. AT&T*, 950 F.3d 458, 460 (7th Cir. 2020), "AT&T sent Chicago resident Ali Gadelhak five text messages [even though] his number is on the national 'Do Not Call Registry.'" After Gadelhak brought suit, the Seventh Circuit addressed whether he had suffered an injury in fact, "agree[d] with the Second and Ninth Circuits that unwanted text messages can constitute a concrete injury-in-fact for Article III purposes," and adjudicated the controversy. *Id*, at 463. Thus, Ms. Wilson's receipt of at least 5 unwanted telephone calls is similarly a concrete injury-in-fact for Article III purposes.

### Counts III (FCRA Claim).

In *Evans v. Portfolio Associates,* 889 F.3d 337, 345 (7th Cir. 2018), the Seventh Circuit held that a plaintiff had standing because the plaintiff "suffered a real risk of financial harm caused by an inaccurate credit rating." The Seventh Circuit has not overturned its *Evans* holding and, in fact, as recently as December 2020, the Seventh Circuit cited *Evans* for the very proposition that "plaintiffs who suffered a real risk of financial harm caused by an inaccurate credit rating had standing." *Bazile v. Fin. Sys. of Green Bay*, 19-1298 (7th Cir. Dec. 15, 2020).

In other recent cases, the Seventh Circuit held that a plaintiff lacked standing because, *inter alia*, the plaintiff had not suffered an inaccurate credit rating. *Brunett v. Convergent Outsourcing*, 982 F.3d 1067, 1068 (7th Cir. 2020) (dismissing due to plaintiff's lack of standing when the controversial "statement about the possibility of a report to the IRS did not affect her credit rating"); *Gunn v. Thrasher, Buschmann & Voelkel*, 982 F.3d 1069, 1071 (7th Cir. 2020) (dismissing for want of standing when plaintiffs "do not say that the sentence about foreclosure could have reduced their credit rating").

  Ms. Wilson's complaint alleges that Defendant National Credit caused TransUnion to report false information about Ms. Wilson and that, thus, she "is suffering a lower credit rating" and "she has refrained from applying for credit from entities that use TransUnion" (ECF 6, p. 4, ¶¶ 18, 23, & 24.) Thus, Ms. Wilson respectfully submits that she has suffered an injury in fact, pursuant to *Evans v. Portfolio Associates* and its progeny.

  Respectfully submitted,
  Plaintiff Delisa Wilson's Counsel
  North & Sedgwick, L.L.C.
by: */s/ Paúl Camarena*
  Paúl Camarena, Esq.
  500 So. Clinton, No. 132
  Chicago, IL 60607
  (312) 493-7494
  paulcamarena@paulcamarena.com